# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                        )
**PETEDGE, INC.,**                      )
                                        )
         **Plaintiff,**         )
                                        )     **Civil Action No.**
       **v.**                   )     **15-11988-FDS**
                                        )
**FORTRESS SECURE**                     )
**SOLUTIONS, LLC,**                     )
                                        )
         **Defendant.**         )
_____)

## MEMORANDUM AND ORDER ON
## MOTION TO STRIKE AFFIRMATIVE DEFENSES

**SAYLOR, J.**

This is an action for patent and trademark infringement.  Plaintiff PetEdge, Inc., is a

Massachusetts-based pet products manufacturer.  PetEdge owns U.S. Patent No. 7,621,236 ("the

'236 patent") for a set of folding steps that convert into a ramp for pets to climb on to a bed.  It

markets the steps under the PET STUDIO family of marks, which includes U.S. Trademark Reg.

No. 4,759,263.

Defendant Fortress Secure Solutions, LLC is a Washington limited liability company that

sells pet products (and security systems) through national online retailers.  The complaint alleges

that Fortress produces and sells a product that infringes on the '236 patent and the PET STUDIO

mark.

PetEdge has filed a motion pursuant to Fed. R. Civ. P. 12(f) to strike certain affirmative

defenses that Fortress pleaded in its answer.  PetEdge contends that the defenses are insufficient,

immaterial, and otherwise improper.  Fortress contends that the defenses are properly pleaded

under Rule 12(f) and that PetEdge's motion is premature because neither party has conducted discovery.

For the following reasons, the motion will be granted in part and denied in part.

## I.   **Background**

On June 1, 2015, PetEdge filed suit against Fortress.  The complaint alleges (1) patent infringement in violation of 35 U.S.C. § 271(a)-(c); (2) Lanham Act trademark infringement in violation of 15 U.S.C. § 1114(1); (3) Lanham Act unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a); (4) common-law trademark infringement; (5) common-law unfair competition; and (6) unfair and deceptive trade practices in violation of Mass. Gen. Laws ch. 93A.  (Compl. ¶¶ 25-62).

On June 29, 2015, Fortress moved to dismiss the complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).  The Court denied that motion on November 17, 2015.  On December 1, 2015, Fortress filed an answer that included, among other things, 24 defenses.  On December 21, 2015, PetEdge moved to strike the following 14 defenses:

2.  Plaintiff has failed to join indispensable parties.

3.  Plaintiff's claims are barred to the extent that Plaintiff lacks standing to assert claims for the claimed trademark.

4.  Plaintiff's claims are barred to the extent that Plaintiff has forfeited or abandoned the trademark alleged in the Complaint.

5.  Plaintiff's claims are barred in whole or in part by license, consent, acquiescence and/or waiver.

6.  Plaintiff's claims are bared to the extent any persons, based on whose behavior Plaintiff seeks to hold Defendant liable, are innocent infringers.

7.  Plaintiff's claims are barred and/or unenforceable under the doctrine of equitable estoppel.

8.  Plaintiff's claims are barred for lack of jurisdiction over the Defendant.

9.  Venue is improper in this Court.

10.  Plaintiff's claims are barred by the doctrine of unclean hands.

11.  Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

12.  Plaintiff has failed to mitigate its alleged damages.

15.  Plaintiff's damages, if any, were proximately caused by a third party over which Defendant lacks control.

17.  Plaintiff failed to give Defendant sufficient notice of its claim under M.G.L. c. 93A *et seq.*

20.  The '236 patent is unenforceable because Plaintiff failed to disclose all non-cumulative, material prior art of which Plaintiff was aware to the Patent Office during the prosecution of the '236 patent.

(Answer ¶¶ 63-81).  The deadline for the parties to amend the pleadings is June 8, 2016.

## II.    <u>Legal Standard</u>

Under Fed. R. Civ. P. 12(f), "[a] court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "Courts do not, however, view motions to strike affirmative defenses for legal insufficiency under Rule 12(f) favorably."  *Bio-Vita, Ltd. v. Rausch*, 759 F. Supp. 33, 39 (D. Mass. 1991) (citing *Bennett v. Spoor Behrins Campbell & Young, Inc.*, 124 F.R.D. 562, 563 (S.D.N.Y. 1989)).  "'The general policy is that the pleadings should be treated liberally, and that a party should have the opportunity to support his contentions at trial.'"  *Id.* (quoting *Bennett*, 124 F.R.D. at 563); *see also 4MVR, LLC v. Hill*, 2015 WL 3884054, at *8 (D. Mass. June 24, 2015).  Such motions "should be granted only when it is beyond cavil that the defendant could not prevail on them."  *Honeywell Consumer Prods., Inc. v. Windmere Corp.*, 993 F. Supp. 22, 24, (D. Mass. 1998) (internal quotation marks and alterations omitted); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1381, at 421-22 (3d ed.) ("A motion to strike will not be granted if the insufficiency

of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits."). However, "[a] plaintiff may prevail on a Rule 12(f) motion 'where it clearly appears that the plaintiff would succeed despite any state of facts which could be proved in support of defense.'" *United States Securities and Exchange Comm'n*, *v. Nothern*, 400 F. Supp. 2d 362, 364 (D. Mass. 2005) (quoting *FDIC v. Gladstone*, 44 F. Supp. 2d 81, 85 (D. Mass. 1999)).

## III.   Analysis

PetEdge contends that the 14 listed defenses, which it groups into three categories, should be struck for various reasons. First, PetEdge contends that defenses 7 (equitable estoppel), 10 (unclean hands), and 20 (inequitable conduct or fraud on the PTO) are equitable defenses that essentially allege fraud by PetEdge. Thus, according to PetEdge, they should be struck pursuant to Rule 9(b)'s heightened pleading requirements because Fortress's answer lacks "particular fact allegations." (Pl. Mem. 3). Second, PetEdge contends that several defenses, including defense 17 (defective notice under Mass. Gen. Laws ch. 93A), should be struck because they are "legally immaterial or just plain inscrutable" under any realistic state of facts. (*Id.*). Third, PetEdge contends that several defenses are implausible and "do not appear to fit the circumstances of this case." (*Id.*).

### A.   Seventeenth Defense:   Chapter 93A Demand Letter

Fortress's seventeenth defense alleges that PetEdge failed to provide sufficient notice of its claim under Mass. Gen. Laws ch. 93A. Although the complaint does not directly so indicate, this matter clearly involves a dispute between parties "engag[ing] in the conduct of [ ] trade or commerce." Mass. Gen. Laws ch. 93A, § 11. Therefore, PetEdge's Chapter 93A claim falls under § 11 and does not require a demand letter. *See Green v. Parts Distribution Xpress, Inc.*,

2011 WL 5928580, at *4 n.4 (D. Mass. Nov. 29, 2011) ("A demand letter is a procedural requirement for [a] 93A claim brought by consumers under § 9 of chapter 93A, but is not required for claims brought in the non-consumer, business-to-business context under § 11 of chapter 93A . . . .   Accordingly, it was not necessary for [plaintiff] to issue a demand letter prior to filing this lawsuit.").  Accordingly, because it does not appear that there is a set of facts under which Fortress's seventeenth defense can prevent PetEdge from prevailing, it will be struck under Rule 12(f).

### B.    Twentieth Defense:  Inequitable Conduct

Fortress's twentieth defense asserts that "[t]he '236 patent is unenforceable because Plaintiff failed to disclose all non-cumulative, material prior art of which Plaintiff was aware to the Patent Office during the prosecution of the '236 patent."  (Answer ¶ 81).  That defense essentially asserts the elements of inequitable conduct.  *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009) ("The substantive elements of inequitable conduct are:  (1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO.").

In determining whether that defense is pleaded with sufficient particularity in a patent case, the law of the Federal Circuit applies.  *See Exergen*, 575 F.3d at 1326 ("Contrary to [defendant's] suggestion, however, we apply our own law, not the law of the regional circuit, to the question of whether inequitable conduct has been pleaded with particularity under Rule 9(b).");  *see also Central Admixture Pharm. Servs., Inc. v. Advanced Cardiac Sols., P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) (stating that whether inequitable conduct has been adequately

pleaded is a question of Federal Circuit law because it "pertains to or is unique to patent law").
"The [Federal Circuit] [has] tightened the inequitable conduct [pleading] standard to ensure that
the defense is sustained only in egregious circumstances and to discourage parties from using it
as a mere litigation tactic in garden-variety cases." *Lexington Luminance LLC v. Osram
Sylvania Inc.*, 972 F. Supp. 2d 88, 91 (D. Mass. 2013) (citing *Therasense, Inc. v. Becton,
Dickinson & Co.*, 649 F.3d 1276, 1288-91 (Fed. Cir. 2011)).

Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances
constituting fraud or mistake shall be stated with particularity."  "[I]nequitable conduct, while a
broader concept than fraud, must be ple[aded] with particularity" under Rule 9(b).  *Ferguson
Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega Sys., LLC*, 350 F.3d 1327,
1344 (Fed. Cir. 2003).

> A pleading that simply avers the substantive elements of inequitable conduct,
> without setting forth the particularized factual bases for the allegation, does not
> satisfy Rule 9(b).  For example, in a case where inequitable conduct was alleged
> on the basis that an applicant "failed to disclose all the relevant prior art known to
> it," we found this allegation deficient because it did not identify the specific prior
> art that was allegedly known to the applicant and not disclosed.

*Exergen*, 575 F.3d at 1326-27 (quoting *Central Admixture*, 482 F.3d at 1356-57).  Thus, "in
pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific
who, what, when, where, and how of the material misrepresentation or omission committed
before the PTO."  *Id.* at 1327.

Moreover, although knowledge and intent may be averred generally, a pleading of
inequitable conduct "must include sufficient allegations of underlying facts from which a court
may reasonably infer that a specific individual (1) knew of the withheld material information or
of the falsity of the material misrepresentation, and (2) withheld or misrepresented that
information with a specific intent to deceive the PTO." *Lexington Luminance*, 972 F. Supp. 2d at

92 (citing *Exergen*, 575 F.3d at 1328-29).  The pleadings must also "permit the inference that the applicant 'appreciated that [the omitted reference] was material.'"  *Id.* (quoting *Delano Farms Co. v. California Table Grape Comm'n*, 655 F.3d 1337, 1350 (Fed. Cir. 2011)).  Courts in this district and others have struck thinly pleaded inequitable-conduct defenses in patent cases.  *See, e.g.*, *Lexington Luminance*, 972 F. Supp. 2d at 93 (dismissing an inequitable conduct defense and counterclaim where the defendant failed to meet *Exergen*'s requirement because it failed to plead sufficient facts demonstrating that the patentee knew of the materiality of the information and deliberately withheld it from the PTO); *see also Drew Techs., Inc. v. Robert Bosch, LLC*, 2014 WL 562458, at *5 (E.D. Mich. Feb. 13, 2014) (dismissing inequitable conduct claims and defenses for failing to plead the "why" and "how" of the alleged material omission under *Exergen*); *Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC*, 2011 WL 24115014, at *4 (D. Md. June 10, 2011) (denying leave to amend because the factual allegations "do nothing more than recite the generic elements of the defense, and contain no 'particularized factual bases' whatsoever" (quoting *Exergen*, 575 F.3d at 1326-27)).

The answer here does not meet the particularity requirements of Rule 9(b) and *Exergen* in pleading its inequitable conduct defense.  It does not plead the specific "who, what, when, where, and how" of the material misrepresentation or omission committed before the PTO, nor does it plead any facts from which the Court could conclude that PetEdge had the requisite intent.  Accordingly, Fortress's twentieth defense will be struck for failure to satisfy Rule 9(b) and the Federal Circuit's particularity requirements under *Exergen*.[1]

---

[1] PetEdge also contends that Fortress's unclean hands and equitable estoppel defenses should be struck for failure to comport with Rule 9(b).  That appears premature.  PetEdge has cited several cases for the proposition that affirmative equitable defenses involving allegations of fraud or misrepresentation are subject to Rule 9(b)'s heightened pleading requirements.  *See, e.g.*, *ADP Commercial Leasing, Inc. v. M.G. Santos, Inc.*, 2013 WL 5424955, at *12 (E.D. Cal. Sept. 27, 2013); *Network Caching Tech., LLC v. Novell, Inc.*, 2001 WL 36043487, at *4 (N.D. Cal. Dec. 31, 2001).  But in those cases, the asserted defenses explicitly alleged fraudulent conduct by the plaintiff.  Here, while Fortress's equitable defenses are perhaps pleaded vaguely, they do not necessarily allege fraud

**IV.**     <u>**Conclusion**</u>

Although the other twelve defenses that PetEdge moves to strike under Rule 12(f) may not survive further development of the evidence, the Court cannot conclude, especially at the early stage of this litigation, that "plaintiff would succeed despite any state of facts which could be proved in support of defense." *Nothern*, 400 F. Supp. 2d at 364.  Accordingly, and for the foregoing reasons, PetEdge's motion to strike will be GRANTED as to Fortress's seventeenth and twentieth defenses.  Those defenses will be struck without prejudice to their renewal upon amendment of the pleadings.  The motion to strike is otherwise DENIED without prejudice.

**So Ordered.**

<u>/s/ F. Dennis Saylor</u>
F. Dennis Saylor IV
United States District Judge

Dated: February 2, 2016

---

by PetEdge.  And without Federal Circuit case law expressly indicating that all equitable defenses in patent cases, by rule, are subject to Rule 9(b), the Court will not strike those defenses at this stage of the litigation.