UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETEDGE, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FORTRESS SECURE )<br>SOLUTIONS, LLC, )<br>)<br>Defendant. )<br>) | Civil Action No.<br>15-11988-FDS |

### ORDER ON PLAINTIFF'S MOTION TO STRIKE
### DEFENDANT'S INVALIDITY CONTENTIONS

**SAYLOR, J.**

This is an action for patent and trademark infringement. Plaintiff PetEdge, Inc., is a Massachusetts-based pet products manufacturer. PetEdge owns U.S. Patent No. 7,621,236 ("the '236 patent") for a set of folding steps that convert into a ramp for pets to climb on to elevated surfaces. PetEdge has brought suit against defendant Fortress Secure Solutions, LLC. The complaint alleges that Fortress produces and sells a product that infringes on the '236 patent.

On February 1, 2016, the Court issued its scheduling order, requiring Fortress to file its preliminary invalidity contentions by March 11. The Court's order requires that defendant's invalidity contentions "identify prior art that anticipates or renders obvious" the asserted claims and, "for each such prior art reference," specify whether it anticipates or is relevant to obviousness. (Docket No. 38 at § 1(c)). The Court's order is consistent with Local Rule 16.6 and the sample invalidity charts contained in Local Rule Appendix E. In response to the Court's order, Fortress filed its invalidity contentions, including a list of five alleged prior art references.

Three of the references are patents and two appear to be websites containing a variety of pet products that are currently available for sale. (Docket No. 42 at 3-4). Fortress's filing provides an invalidity chart for only one of those references, U.S. Patent No. 5,634,440 (Mogck).

PetEdge has moved to strike Fortress's invalidity contentions for failure to comply with the Court's scheduling order. PetEdge contends that Fortress's contentions are not sufficiently specific to provide PetEdge with fair notice of the prior art that allegedly anticipates or renders obvious the '236 patent. (Pl. Mem. 8) (contending that it is "not the patent owner's burden to go hunting in the prior art for the relevant disclosures"). In response, Fortress contends that its contentions are adequate to provide PetEdge with notice of its primary invalidity argument, which is that the '440 patent (Mogck) renders the '236 patent obvious. (Def. Mem. 2). On August 4, 2016, the Court held a hearing on PetEdge's motion to strike.

At least to some extent, Fortress's invalidity contentions are generic, and they perhaps fail to comply strictly with Local Rule 16.6 and the Court's scheduling order. However, the principal purpose of that process is to compel the parties to narrow the relevant issues, for a more efficient discovery practice. Under the present circumstances, including the relative simplicity of the '236 patent and the somewhat limited universe of prior art, Fortress's contentions are adequate to provide PetEdge with fair notice of its invalidity defenses. Nonetheless, Fortress will be limited to the prior art that it has identified, and it remains defendant's burden to prove invalidity by clear and convincing evidence. *See Cuozzo Speed Techs., LLC v. Lee*, — U.S. —, 136 S. Ct. 2131, 2144 (2016) (noting that while standard for challenging validity in *inter partes* review is preponderance of the evidence, "in district court, a challenger must prove invalidity by clear and convincing evidence" (internal quotation marks omitted)). At this time, the Court expresses no opinion concerning the merits of Fortress's invalidity contentions.

For the foregoing reasons, PetEdge's motion to strike Fortress's invalidity contentions is DENIED.

**So Ordered.**

Dated: August 4, 2016

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge